IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-064 |
| | * | |
| ALFONZO LEE MERRIWEATHER | * | |

O R D E R

On December 8, 2025, the Court denied Defendant Alfonzo Lee Merriweather's motion for sentence reduction. On December 29, 2025, Defendant filed a motion for reconsideration.

While no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case, both the United States Supreme Court and the Eleventh Circuit have permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

Here, Defendant insists that the United States Sentencing Guidelines have been amended in his favor. He also states that "[18 U.S.C.] § 851 enhancements are no longer valid." Neither of these contentions are correct, especially as applied to this Defendant. Moreover, while Defendant references amendments that became effective on November 1, 2025, none of these amendments (Amendments 832, 833, 834, 835 or 836) are listed as retroactive under U.S.S.G. § 1B1.10(d). As the Court pointed out in its Order of December 8, 2025, a district court may not modify an imposed sentence based upon a guideline amendment unless it has been listed as retroactive.

Upon the foregoing, Defendant Merriweather's motion for reconsideration (doc. no. 57) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE